**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**NICHOLAS RYAN DEPALO,**
individually,

**Case No. 0:14-cv-61413-RNS**

**Plaintiff,**

**v.**

**MARGARITA ISLAND INC**, a
Florida for profit corporation,

**Defendant.**

---

**COMPLAINT**
(Injunctive Relief Sought)

Plaintiff, NICHOLAS RYAN DEPALO, individually and on behalf of all others similarly situated, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendant MARGARITA ISLAND INC for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. and the Florida Accessibility Code.

**Jurisdictional Allegations**

1. This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") and the Florida Accessibility Code (hereinafter "FAC") entitling Plaintiff to attorneys' fees, litigation expenses

and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

2. Defendant GILLEY'S INC operates GILLY'S LAMP POST a/k/a MARGARITA ISLAND INC at 520 Forest Hill Blvd., West Palm Beach 33405, in Palm Beach County, Florida (hereinafter "Defendant-Landlord").

3. GILLEY'S INC d/b/a GILLY'S LAMP POST a/k/a MARGARITA ISLAND INC (hereinafter "MARGARITA ISLAND INC") is an establishment qualifying as a "place of public accommodation." *See* 28 CFR 36.201(a).

4. Plaintiff NICHOLAS RYAN DEPALO is a young man who lives in Palm Beach County, Florida with his wife, is sui juris, and qualifies as an individual with a disability as defined by the ADA. More specifically, Plaintiff DEPALO is a partial quadriplegic confined to a wheelchair after a near fatal accident in 2006 resulting in an injury to his spinal cord.

5. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue properly lies in the Southern District of Florida as it is the federal judicial district where the property is located on which the violative establishment is conducting business.

**ADA: Lack of Reasonable Accommodations at MARGARITA ISLAND INC**

7. The ADA prohibits discrimination on the basis of disability by guaranteeing reasonable accommodations are provided for individuals with disabilities. As the owner of the premises and as the operator of a "place of public accommodation," Defendant MARGARITA ISLAND INC is responsible for ensuring compliance with the FAC, the ADA and the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (hereinafter referred to collectively as the "2010 Standards" or "Accessibility Standards").

8. Plaintiff NICHOLAS RYAN DEPALO is a graphic designer. He enjoys networking, meeting and socializing with his colleagues, friends and family.

9. Plaintiff DEPALO is capable of and does operate his own motor vehicle. He recently acquired a new wheelchair accessible van permitting him and his wife to travel throughout the state.

10. Plaintiff DEPALO is involved with a variety of local support groups promoting the common welfare of individuals with disabilities as well as organizations dedicated to advancing the rights of individuals with disabilities.

11. One example is Plaintiff DEPALO's work in and regular attendance at the spinal cord injury support group at Jackson Memorial Hospital here in South Florida.

12. Plaintiff has visited the property which forms the basis of this lawsuit, but he has encountered architectural barriers at the subject property that are precluding him from reasonably accessing the goods and services provided to non-disabled individuals.

13. The barriers to access at the property have deterred Plaintiff from, and are denying him the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals.

14. Defendant have and are continuing to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities on or before January 26, 1992[1] in violation of the ADA and FAC.

15. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and Plaintiff is further deterred and discouraged from additional travel due to Defendant ongoing non-compliance with the ADA.

[1] A "place of public accommodation" having ten (10) or fewer employees **and** gross receipts totaling five hundred thousand dollars or less ($500,000.00) shall have until January 26, 1993 to ensure compliance with the ADA.

16. A preliminary inspection of MARGARITA ISLAND INC discloses that the following barriers to access exist thus effectively discriminating against Plaintiff as a disabled individual:

a. accessible parking not provided as required in existing parking lot;
b. inaccessible travel path from parking lot thru the exterior dining patio and to entrance to interior of establishment;
c. non-compliant ramp from parking lot leading to exterior dining patio entrance;
d. non-compliant rise in elevation of ground surface at bottom landing of existing ramp leading to exterior dining patio entrance;
e. an accessible travel path to the entrance not provided as required;
f. non-compliant ramp leading from exterior dining patio to interior dining area;
g. non-compliant rise in elevation of ground surface at threshold of door connecting exterior dining patio with interior dining area;
h. inaccessible exterior bar;
i. non-compliant height of exterior bar exceeds maximum height allowance;
j. required minimum knee and toe clearance not provided at exterior bar;
k. portion of exterior bar required to be accessible not provided;
l. inaccessible travel path to exterior dining tables;
m. existing step at travel path to exterior dining tables act as a barrier to accessibility;
n. required ramp not provided at existing step at travel path to exterior dining tables;
o. an accessible travel path to exterior dining tables not provided as required;
p. inaccessible exterior dining tables;
q. non-compliant height of exterior dining tables exceed maximum height allowance;
r. required minimum knee and toe clearance not provided at exterior dining tables;
s. percentage of existing exterior dining tables required to be accessible not provided;
t. inaccessible interior dining tables;

u. required minimum knee and toe clearance not provided at interior dining tables;
v. percentage of existing interior dining tables required to be accessible not provided;
w. inaccessible interior bar;
x. non-compliant height of interior bar exceeds maximum height allowance;
y. required minimum knee and toe clearance not provided at interior bar;
z. portion of interior bar required to be accessible not provided;
aa. inaccessible travel path to restroom;
bb. required minimum clear width not provided at travel path to restroom;
cc. compliant signage identifying the restroom not provided as required;
dd. inaccessible restroom;
ee. required minimum maneuvering clearance not provided at restroom door;
ff. required minimum clear width not provided at restroom door opening;
gg. required minimum turning space not provided in restroom;
hh. inaccessible lavatory;
ii. required minimum clear floor space not provided at lavatory;
jj. required minimum knee and toe clearance not provided at lavatory;
kk. inaccessible mirror located above lavatory;
ll. non-compliant mounted height of mirror exceeds maximum height allowance;
mm. inaccessible water closet;
nn. required minimum clear floor space not provided at water closet;
oo. non-compliant position of water closet from side wall;
pp. required grab bars not provided at rear and side walls of water closet;
qq. inaccessible toilet paper dispenser;
rr. non-compliant position of toilet paper dispenser from water closet;
ss. failing to maintain their accessible features and are failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

17. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendant' place of public accommodation in order to identify, photograph and measure

all of the barriers to access that constitute discriminatory acts in violation of the ADA and FAC.

18. Notice to Defendant prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit have been satisfied or are waived by Defendant. Defendant' violations of the ADA have been ongoing despite the ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

**Injunctive Relief Is Necessary to Prevent Future Discrimination**

19. Plaintiff frequently visits the area where Defendant-Landlord's property and Defendant-Operator's business are located. Plaintiff visited MARGARITA ISLAND INC and has suffered discrimination on the basis of his disability.

20. Plaintiff plans on returning to MARGARITA ISLAND INC to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

21. The present violations at Defendant' facility create a hazard to Plaintiff's safety. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation as a result of Defendant' discriminatory practices or non-compliant facilities.

22. As the violations at Defendant' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

**COUNT I: INJUNCTIVE RELIEF**

23. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 21 above as if set forth specifically herein.

24. Defendant operate a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA and FAC.

25. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's building, property, and facilities as a result of the ADA violations set forth herein in paragraph 15 in violation of 42 USC § 12181 *et seq*. and 28 CFR 36.302 *et seq*..

26. Defendant continue to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities; and by failing to take such steps or efforts that

may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27. By operating a place of public accommodation in violation of the ADA as described herein, Plaintiff is suffering true and actual harm. Defendant' discriminatory practices contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

28. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

29. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendant' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property

so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

a. Declaratory Judgment determining that Defendant, at the commencement of the instant lawsuit, are in violation of Title III of the ADA, 42 USC § 12181 *et seq.;* and, that by failing to cure their ADA violations Defendant are failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently because of the absence of auxiliary aids and services;

b. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; to require Defendant to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities,

privileges, advantages or accommodations to individuals with disabilities, and; by failing to cure their ADA violations Defendant are failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

d. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted this 19th day of June. 2014.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
Florida Bar No. 179973

**ADA Accessibility Associates**
19390 Collins Avenue, Ste. 61
Sunny Isles Beach, Florida 33160
E: TDemetriades@Aol.com
T: (305) 510-0144